UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRESTONE FINANCIAL, LLC,

                Plaintiff,                    Case No. 2:24-cv-12686

v.                                        Honorable Susan K. DeClercq
                                        United States District Judge

H AND N EXPRESS, LLC and
HUSAM AL-WAELI,

                Defendants.

_____/

**ORDER DISMISSING COUNTS III AND IV OF PLAINTIFF'S COMPLAINT (ECF No. 1), GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 12), AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS**

In October 2024, Plaintiff Firestone Financial, LLC sued Defendants H and N Express, LLC, and Husam Al-Waeli. Five months after both Defendants failed to answer or otherwise respond, Plaintiff now seeks default judgment against both Defendants. As explained below, Plaintiff's motion will be granted, and judgment will be entered in its favor against Defendants.

## I. BACKGROUND

Plaintiff Firestone Financial, LLC filed this breach-of-contract action on October 11, 2024, alleging that Defendant H and N Express, LLC failed to fulfill its payment obligations under an Equipment Finance Agreement, and Defendant Husam Al-Waeli failed to fulfill his guarantor obligations imposed by a Master

Limited Guaranty Agreement. *See* ECF No. 1. Defendants have not answered or in any way responded. Firestone obtained a clerk's entry of default against both defendants on December 19, 2024. ECF No. 9. Thus, Firestone now requests that a default judgment in the amount of $124,116.62[1] be entered against Defendants, jointly and severally. ECF No. 12. If default judgment is entered, Firestone agrees to dismiss Count III (Claim and Delivery) and Count IV (Detinue) of its complaint with prejudice. *See id.* at PageID.45 (requesting dismissal of these counts).

## II. LEGAL STANDARD

District courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of the Court has entered a default. *See* FED. R. CIV. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.").

Yet a plaintiff seeking default judgment under Civil Rule 55(b)(2)[2] is "not entitled to a default judgment as of right." 10A CHARLES ALAN WRIGHT & ARTHUR

---

[1] This sum appears to be based upon Defense Counsel's calculation of interest through March 10, 2025. *See* ECF No. 12-3 at PageID.73.

[2] Plaintiff's Motion for Entry of Default Judgment reflects it is seeking default judgment under Civil Rule 55(b)(2). *See* ECF No. 12 at PageID.43. But the motion later asserts that the applicable standard is Civil Rule 55(b)(1). *See id.* at PageID.49–50. In any event, this Court will proceed under Civil Rule 55(b)(2), which applies

R. MILLER, FED. PRAC. & PROC. CIV. § 2685 (4d ed.). Courts must "exercise sound judicial discretion" in deciding if default judgment is proper. *Id.* As part of that analysis, courts must determine whether the plaintiff's well-pleaded factual allegations "are sufficient to state a claim for relief." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

When evaluating the propriety of default judgment, courts must also consider "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Although well-pleaded factual allegations in a complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Under Rule 55(b)(2), the district court "may conduct hearings . . . to determine the [applicable] amount of

---

when a party seeks default judgment from *the Court*—not the clerk's office—for claims that are *not* for a sum certain. *Compare* FED. R. CIV. P. 55(b)(1) *with* FED. R. CIV. P. 55(b)(2). And Plaintiff's requests for reasonable attorney's fees transforms his request into a claim for an amount that is *not* a sum certain. *See BMO Harris Bank, N.A. v. Stacy*, No. 5:22-CV-613, 2024 WL 4591288, at *2 (N.D. Ohio Oct. 28, 2024) (citing *Van Zeeland Oil Co. v. Lawrence Agency Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *2 (W.D. Mich. Sept. 28, 2009)).

damages" or "establish the truth of any allegation by evidence." FED. R. CIV. P. 55(b)(2). In this case, having carefully reviewed the record, this Court finds that no hearing on the motion is necessary. *See* E.D. Mich. LR 7.1(f)(2).

### III. ANALYSIS

### A. Defendants' Liability for Plaintiff's Claims

Plaintiff is entitled to default judgment. Plaintiff's complaint alleges that Defendant H and N Express entered into an Equipment Finance Agreement ("the Agreement") with Firestone to purchase a freightliner and that Defendant Al-Waeli signed a Master Unlimited Guaranty, guaranteeing H and N Express's performance under the Agreement. ECF No. 1 at PageID.2. Under the Agreement, H and N Express was required to make 60 consecutive monthly payments of $3,842.98 to Firestone in exchange for the freightliner, but it did not do so. *Id*. at PageID.2–3, 10. As a result, Firestone alleges that, under the Agreement's terms, it is now entitled to $113,354.66 plus interest. *Id.* at PageID.3. Taken as true, these factual allegations "are sufficient [for Firestone] to state a claim for relief" against Defendant H and N Express LLC for breach of contract and against Defendant Husam Al-Waeli for breach of guaranty. *Zinganything*, 158 F. Supp. 3d at672.

Moreover, the *Russell* factors weigh in favor of entering the default judgment. To start, not entering the default judgment would prejudice Firestone, which has made reasonable efforts to litigate its claims and to alert Defendants of this action.

*See* ECF Nos 5–7; 11; 14 (reflecting that Plaintiff served the complaint, its request for clerk's entry of default, and this motion upon both Defendants). Further, as already discussed, Plaintiff's complaint is verified and well pleaded, which suggests that Firestone could have succeeded on its breach-of-guaranty claim against Al-Waeli. And although the sum of money at stake is significant, it represents the value of the freightliner that Defendants still currently possess. Finally, although this Court prefers to resolve disputes on the merits, Defendants have failed to respond or otherwise defend in this case, and it does not appear the Defendant's lack of response was due to excusable neglect. In sum, considering both the well-pleaded factual allegations in the complaint and the *Russell* factors, default judgment on Counts I and II against Defendants is proper. Counts III and IV will be dismissed at the Plaintiff's request.

## B. Damages and Interest Due

This Court finds that, under the Agreement's terms, Plaintiff is owed $110,758.72 of the principal balance. *See* ECF No. 12-2 (averring that $110,758.72 is the principal balance due). Further, this Court is satisfied by the calculations of Defendant's senior vice president, Steven Principi, which apply the Agreement's terms and conclude that Plaintiff is also entitled to $1,152.90 in late charges, $280 for NSF, minus an escrow reserve balance of $270. *Id.* at PageID.56.

As for interest, after reviewing the Agreement and Principi's affidavit, this Court is satisfied that as of the date of this order, Plaintiff is entitled to 391 days of interest (June 24, 2024, through July 21, 2025) at a per diem rate of $32.56, which totals $12,730.96.[3]

In sum, Plaintiff are entitled to $124,652.58 in damages and interest.

### C. Attorneys' Fees and Costs

Finally, Plaintiff also seeks to recover a total of $3,181.50 in attorneys' fees and $580.46 in costs. As for attorneys' fees, Plaintiff seeks to recover $1,841.50 for 6.35 hours of work by Attorney Kevin Summers and $1,340.00 for five hours of work by Attorney D. Alexander Darcy. *See* ECF Nos. 12; 12-3; 12-4. Plaintiff also seeks to recover costs incurred in litigation this case which total $580.46. *See* ECF Nos. 12-3; 12-4.

Having reviewed the affidavits of both Attorney Summers and Attorney Darcy, as well as their attached itemized billing descriptions, this Court is satisfied that their fees and the amount of time each attorney spent on this case are reasonable. Thus, Plaintiff will be awarded $3,181.50 in attorneys' fees and $580.46 in costs.

---

[3] This amount differs from the amount calculated in Principi's affidavit, which calculated the amount of per diem interest until judgment based on an earlier date: February 11, 2025. *See* ECF No. 12-2 at PageID.56.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Counts III and IV of Plaintiff's Complaint, ECF No. 1, are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Entry of Default Judgment, ECF No. 15, is **GRANTED**.

To that end, Judgment on Counts I and II is **ENTERED** in favor of Plaintiff and against Defendants. Plaintiff is **AWARDED** $124,652.58 in damages and interest.

Further, Plaintiff is **AWARDED** $3,181.50 in attorney's fees and $580.46 in costs.

Finally, it is **ORDERED** that this Judgment will earn interest at the statutory rates.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 22, 2025